UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

THOMIKA SMITH, et al.,

    Plaintiffs,

    v.

IMAGINE HOPE COMMUNITY PUBLIC
CHARTER SCHOOL,

    Defendant.

Civil Action No. 11-1112
DAR

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Thomika Smith and her daughter T.M. commenced this action seeking attorneys' fees and costs that they incurred in pursuing an administrative action pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, *et seq*. *See* Complaint (Document No. 1). This action was referred to the undersigned United States Magistrate Judge for all purposes. Order of Referral (Document No. 21); Joint Notice (Document No. 20).

Pending for determination by the undersigned are Plaintiffs' Motion for Summary Judgment ("Plaintiffs' Motion") (Document No. 13) and Imagine Hope Community Public Charter School's Cross Motion for Summary Judgment ("Defendant's Motion") (Document No. 15). Upon consideration of the motions; the exhibits to the motions; the memoranda in support thereof and opposition thereto; the administrative record; and the entire record herein, the undersigned will deny Plaintiffs' motion and grant in part Defendant's motion.[1]

---

[1] Neither side requested oral argument on the pending motions. *See* 07/05/2012 Minute Entry.

**BACKGROUND**

Plaintiff T.M. is a student with disabilities who attended Defendant Imagine Hope Community Pubic Charter School for the 2008-2009 and 2009-2010 school years. Complaint ¶¶ 1, 4. In November 2010, Plaintiffs filed an administrative due process complaint against Defendant. Administrative Record (Document No. 12) at 1-4.[2] Plaintiffs alleged that Defendant denied T.M. a free appropriate public education ("FAPE") by failing "to identify [T.M.] as a student eligible for special education and related services"; failing "to fully or comprehensively evaluate [T.M.] in all areas of her disability"; and by failing "to develop an appropriate IEP" for the two school years that she attended Imagine Hope Community Public Charter School and "before the start of the 2010-2011 School Year." *Id.* at 5-7.

On December 10, 2010, prior to the administrative hearing, the parties executed a settlement agreement. *Id.* at 15-16. Pursuant to the terms of the agreement, Defendant agreed to fund eighty hours of independent tutoring and enrollment in a speech and language camp. *Id.* at 15. The agreement also included a provision stipulating that Defendant "agrees to pay reasonable and documented attorney fees and related costs incurred in this matter." *Id.*

Thereafter, Plaintiffs withdrew their due process complaint, *id.* at 17, and the hearing officer dismissed the matter, *id.* at 19. Counsel for Plaintiffs sent counsel for Defendant an invoice requesting $17,096.68 in attorneys' fees and costs. Plaintiffs' Motion, Exhibit 1. Counsel for both parties conferred regarding the requested amount, *see* Plaintiffs' Motion, Exhibits 2-6, but were unable to reach an agreement. Defendant paid $6,415.68, *see* Plaintiffs'

---

[2] Citations to the administrative record refer to the hand-marked numbers on the bottom right corner of each page.

Motion, Exhibit 6, and Plaintiffs withdrew $1,579 from their request, *see* Plaintiffs' Motion, Exhibit 14, leaving the parties in dispute over $9,102.  *See* Plaintiffs' Memorandum of Points and Authorities in Support of Plaintiffs' Motion for Summary Judgment ("Plaintiffs' Memorandum") (Document No. 13-2) at 1 n.1.  Thus, at issue in this action is the difference of $9,102, plus "fees for litigating this matter."  Plaintiffs' Motion at 2.

**CONTENTIONS OF THE PARTIES**

Plaintiffs contend that they "are entitled to reasonable and documented attorneys' fees for the amount of $9,102.00"; in support of that contention, Plaintiffs argue that they satisfied their burden "by submitting an invoice that is sufficiently detailed," and argue that "rate is not an issue in this case and summary judgment is conceded on this issue."  Plaintiffs' Memorandum at 16-17.  Further, and in response to Defendant's challenges, Plaintiffs contend that they are entitled to fees related to the "Independent Psycho-Educational and Psychological Evaluation," "related to securing an alternate educational placement," and "related to IEP/Resolution meetings."  *Id.* at 18-30.  Plaintiffs also seek fees for their efforts to secure the attorneys' fees at issue, arguing that they "went to great lengths to avoid" litigating this matter.  *Id.* at 32.

Defendant first contends that Plaintiffs are not entitled to any payment of attorneys' fees because they failed to avail themselves of the compensatory education that they sought and obtained.  Memorandum of Points and Authorities in Support of Imagine Hope Community Public Charter School's Cross Motion for Summary Judgment and Opposition to Plaintiffs' Motion for Summary Judgment ("Defendant's Memorandum") (Document Nos. 14, 15) at 6.  In the alternative, Defendant contends that Plaintiffs' requested fees are unreasonable.  *Id.* at 7.  Defendant challenges the application of *Laffey* matrix rates, arguing that while it "paid [some]

attorneys' fees at this rate, this was only done as a matter of compromise . . . ." *Id.* at 8. Defendant contends that because the instant matter was "a routine administrative proceeding," Plaintiffs are at most entitled to hourly rates that are "three-quarters of the *Laffey* Matrix rate." *Id.* at 10. Defendant further contends that "[t]he number of hours expended by plaintiff[s'] counsel was unreasonable"; more specifically, that Plaintiffs cannot recover fees for work related to IEP and resolution meetings, for work unrelated to the issues presented in the due process complaint, for "excessive time spent on particular activities," and for "pure clerical tasks." *Id.* at 10-18.

In response, Plaintiffs request that "Defendant be estopped" from raising "new arguments" that it did not raise in its answer, or prior to filing its cross-motion, arguing that the arguments raise new facts and issues that are "improper[ly]" raised in a motion for summary judgment. Memorandum of Points and Authorities in Support of Plaintiffs' Opposition and Reply to Defendant's Cross-Motion for Summary Judgment and Defendant's Opposition to Plaintiffs' Motion for Summary Judgment ("Plaintiffs' Opposition") (Document Nos. 16-2, 17-2) at 4-5. With respect to Defendant's argument regarding the award of compensatory education, Plaintiffs "dispute that this Court has established a bright line rule," and contend that "Plaintiffs have continued to attempt to avail themselves of the compensatory education services awarded . . . ." *Id.* at 10. Plaintiffs also reiterate their arguments regarding the reasonableness of the fees requested. *Id.* at 15-24.

Defendant, in its reply, contends that its arguments were not waived because they are part of its defense, as pled in its answer, that the requested fees are unreasonable. Defendant's Reply to Plaintiff[s'] Opposition to Defendant's Cross Motion for Summary Judgment ("Defendant's

Reply") (Document No. 18) at 5. Defendant maintains that the requested hourly rates and the number of hours expended are unreasonable. *Id.* at 6-12.

**APPLICABLE STANDARD**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue is genuine if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Whether a fact is material is determined based on whether it might affect the outcome of the suit under the governing law. *Id*.

The party seeking summary judgment must identify "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "[A] party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248, 256 (internal quotation marks omitted). "The mere existence of a scintilla of evidence in support of the [nonmoving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [nonmoving party]." *Id.* at 252. The court will view the evidence and inferences in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

**DISCUSSION**

Smith, et al. v. Imagine Hope Community Public Charter School                                                                                          6

In typical actions for attorneys' fees that are brought pursuant to the IDEA, "the court, in its discretion, may award reasonable attorneys' fees as part of the costs" to a prevailing party. 20 U.S.C. § 1415(i)(3)(B). In evaluating such a request, the court must first determine "whether the party seeking attorney's fees is the prevailing party," and if so, the court then must evaluate whether the requested fees are reasonable. *Jackson v. Dist. of Columbia*, 696 F. Supp. 2d 97, 101 (D.D.C. 2010). "[T]he term 'prevailing party' is a legal term of art that requires more than achieving the desired outcome; the party seeking fees must also have been awarded some relief by the court." *Dist. of Columbia v. Straus*, 590 F.3d 898, 901 (D.C. Cir. 2010) (internal quotation marks and alterations omitted) (citing *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 603 (2001)). To qualify as a prevailing party, there must be: (1) "a court ordered change in the legal relationship of the parties"; (2) "a judgment . . . in favor of the party seeking the fees"; and (3) "judicial relief accompanying the judicial pronouncement." *Dist. of Columbia v. Ijeabuonwu*, 642 F.3d 1191, 1194 (D.C. Cir. 2011) (internal quotation marks omitted) (citing *Straus*, 590 F.3d at 901).

### *Prevailing Party*

Although it is the threshold to recovering fees under the statutory provision invoked by Plaintiffs in their complaint, neither side addressed the issue of whether Plaintiffs were prevailing parties under the statute. Plaintiffs summarily aver that this court has jurisdiction pursuant to 20 U.S.C. § 1415(i)(3)(A), and that "[b]y reimbursing the Parent at the invoiced rates, Defendant acknowledged that T.M. and her Parent were the prevailing party to the extent that the Settlement Agreement awarded compensatory education and reasonable attorneys' fees." Complaint at 2, 9. Plaintiffs characterize the settlement agreement at issue as "an IDEIA-governed Settlement

Agreement," Plaintiffs' Motion at 1, and conclude that they "were prevailing parties" "following a favorable Settlement Agreement." Complaint at 1; Plaintiffs' Memorandum at 1. While Defendant acknowledges this threshold issue, Defendant's Memorandum at 7-8, it does not discuss whether Plaintiffs are prevailing parties under the statute.

For "private" settlement agreements reached prior to administrative hearings in IDEA cases, this Circuit follows the Supreme Court's decision in *Buckhannon Board and Care Home, Inc. v. West Virginia Department of Health and Human Resources*, which considered "prevailing party" status in the context of different fee-shifting statutes. *Alegria v. Dist. of Columbia*, 391 F.3d 262 (D.C. Cir. 2004). In holding that *Buckhannon* applies in these circumstances, the Circuit affirmed the district court's denial of requests for attorneys' fees for private settlement agreements, after noting the "absence of clear evidence that Congress intended the IDEA's fee eligibility to be treated differently than other fee-shifting statutes, and specifically, to allow awards of attorneys' fees for private settlements . . . ." *Id.* at 263. The Circuit held, in an unpublished decision issued the same day as *Alegria*, that "plaintiffs who settle IDEA cases before securing a decision in an administrative hearing are not 'prevailing parties' entitled to fees pursuant to the IDEA's fee-shifting provision, 20 U.S.C. § 1415(i)(3)(B)." *Smith ex rel. Battle v. Dist. of Columbia*, 117 F. App'x 767, 768 (D.C. Cir. 2004).

Plaintiffs in this case entered into a settlement agreement with Defendant in December 2010, one month after Plaintiffs filed their due process complaint, and prior to any administrative hearing. Administrative Record at 15-16. Because this is a private settlement agreement reached prior to a hearing, Plaintiffs are not prevailing parties under the IDEA. *See Alegria*, 391 F.3d at 263; *Smith*, 117 F. App'x at 768; *M.R. v. Dist. of Columbia*, 841 F. Supp. 2d 262, 266 (D.D.C.

2012) (finding that plaintiffs were not prevailing parties under the IDEA, where they reached a settlement agreement before the due process hearing was convened, because "there was no 'court-ordered change,' 'judgment,' or 'judicial relief'").

Although the parties' settlement agreement expressly provides for payment of "reasonable and documented attorney fees and related costs" and references the regulation governing attorneys' fees under the IDEA, *see* Administrative Record at 15, these provisions are insufficient to make the agreement enforceable under the statute. *See Smith*, 117 F. App'x at 768 ("A memorandum or settlement agreement . . . cannot generate statutory liability where none otherwise exists."); *see also M.R.*, 841 F. Supp. 2d at 266-67 (citing *Walker v. Dist. of Columbia*, 798 F. Supp. 2d. 48, 51 (D.D.C. 2011)) (rejecting the plaintiffs' argument that they were prevailing parties because their settlement agreement expressly provided for fees, finding that "[t]he parties did not and cannot contract for a statutory right to attorney's fees").

Further, the hearing officer's order in the underlying administrative matter does not render Plaintiffs prevailing parties. *See Buckhannon*, 532 U.S. at 604 (citations omitted) (internal quotation marks and alterations omitted) (noting that "settlement agreements enforced through a consent decree may serve as the basis for an award of attorney's fees" because it "is a court-ordered change in the legal relationship between the plaintiff and the defendant"). In the Order of Withdrawal, the hearing officer merely indicated that "Petitioner has voluntarily withdrawn the Complaint in this matter, without prejudice pursuant to a settlement agreement," and accordingly, dismissed the case without prejudice. Administrative Record at 19.

Distinguishing two settlement agreements in an IDEA matter, another judge of this court found that one plaintiff was not a prevailing party because the hearing officer's order of dismissal

did not "suggest any approval or continuing oversight" or "incorporate" the terms of the agreement into the order. *Walker*, 798 F. Supp. 2d at 51. On the other hand, the court found that another plaintiff was a prevailing party because her settlement agreement was "expressly" approved by, and incorporated into, the hearing officer's order. *Id.* The order also specified "that the agreement take effect by a certain date." *Id.* The hearing officer's order in this case is comparable to the first scenario; the order did not incorporate the settlement agreement, or any of its terms, except to state that the fact of the agreement was the reason for Plaintiffs' voluntarily withdrawal of the complaint. *See* Administrative Record at 19.

Plaintiffs' complaint invokes the court's jurisdiction pursuant to the fee-shifting provision of the IDEA, *see* Complaint at 2, and does not raise a claim to enforce the actual settlement agreement. However, even if Plaintiffs did raise such a claim, they have not established the court's jurisdiction. *See M.R.*, 841 F. Supp. 2d at 268-69 (noting that "although the parties contracted to settle claims that arise under a specific federal statute, any claim for breach of that contract in this case would not itself raise a federal question").

This court recently evaluated a request for attorneys' fees made pursuant to a settlement agreement in an IDEA case where the parties had resolved their dispute at a resolution meeting. *Hawkins v. Potomac Lighthouse Pub. Charter Sch.*, 12-0264, 2013 WL 714678 (D.D.C. Feb. 22, 2013). When parties resolve their dispute at mediation or a resolution meeting conducted pursuant to the IDEA, the written settlement agreement is "enforceable in any State court of competent jurisdiction or in a district court of the United States." *See id.* at *4; 20 U.S.C. §§ 1415(e)(2)(F)(iii), 1415(f)(1)(B)(iii). Here, however, Plaintiffs have not suggested that the settlement agreement at issue was the product of such a meeting. Nor have Plaintiffs referenced

Smith, et al. v. Imagine Hope Community Public Charter School                                                                 10

either of the provisions cited above in their submissions; rather, they solely rely on 20 U.S.C. § 1415(i)(3).  *See, e.g.*, Complaint at 7.

Having found that Plaintiffs are not prevailing parties under the statute, and having no basis to determine that the settlement agreement at issue is enforceable under other provisions of the IDEA, the court will not address the reasonableness of the fees sought, or any issue regarding whether T.M. availed herself of the compensatory education awarded.

**CONCLUSION**

For the foregoing reasons, it is, this 29th day of March, 2013,

**ORDERED** that Plaintiffs' Motion for Summary Judgment (Document No. 13) is **DENIED**; and it is

**FURTHER ORDERED** that Imagine Hope Community Public Charter School's Cross Motion for Summary Judgment (Document No. 15) is **GRANTED** to the extent that it requests that no fees be awarded, albeit for different reasons, and **DENIED AS MOOT** in all other respects; and it is

**FURTHER ORDERED** that this action is hereby **DISMISSED**.

**This is a final appealable order.**

                                                                                          /s/
                                                                    ─────────────────────────
                                                                    DEBORAH. A. ROBINSON
                                                                    United States Magistrate Judge